IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

KELLY WRIGHT,

   Petitioner,

v.                                                             No. 1:16-cv-01080-JDB-jay
                                                            Re:  1:12-cr-10128-JDB-1

UNITED STATES OF AMERICA,

   Respondent.

ORDER DENYING MOTION,
DISMISSING § 2255 CLAIMS,
DENYING A CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

In April 2016, Petitioner, Kelly Wright,[1] filed a pro se motion to vacate, set aside, or correct his sentence (the "Petition") pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.)[2] He subsequently submitted an amended petition (the "Amended Petition") (D.E. 6), as well as a supplemental claim (the "Supplemental Claim") (D.E. 9). In July 2019, he moved for permission to file a "second or successive § 2255" petition. (D.E. 15.) For the following reasons, all claims are DISMISSED as untimely, and the motion is DENIED.

BACKGROUND

In December 2012, a federal grand jury returned a multi-count indictment against Wright, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

---

[1]The Court will refer to Petitioner as "the Defendant" in its discussion of the underlying criminal case.

[2]Record citations are to documents filed in the instant action, unless otherwise noted.

(*United States v. Wright*, No. 1:12-cr-10128-JDB-1 (W.D. Tenn.), D.E. 2.) He subsequently entered a plea of guilty to all counts without a written plea agreement. (*Id.*, D.E. 18.)

The Defendant was determined to be subject to an enhanced base offense level under § 2K2.1 of the United States Sentencing Commission *Guidelines Manual* ("Guidelines" or "U.S.S.G.") based on an Illinois conviction for aggravated battery and a Tennessee conviction for the sale of cocaine. (Presentence Report (the "PSR") ¶¶ 20, 52, 109.) Section § 2K2.1 provides, in pertinent part, that "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense," he is subject to an enhanced offense level. U.S.S.G. § 2K2.1(a)(2).

"Based upon a total offense level of 30 and a criminal history category of VI, the guideline imprisonment range [was determined to be] 168 months to 210 months." (PSR ¶ 172 (bolding omitted).) However, the range was restricted to 120 months on the high end, as that represented the statutory maximum. (*Id.* ¶ 171.) *See also* 18 U.S.C. § 924(a)(2). On June 28, 2013, the Court sentenced Wright to the statutory maximum term of imprisonment and two years of supervised release. (No. 1:12-cr-10128-JDB-1, D.E. 24, 26, 29.) Defense counsel filed a notice of appeal on the inmate's behalf (*United States v. Wright*, No. 13-5917 (6th Cir.), D.E. 1), and an *Anders*[3] brief (*id.*, D.E. 21). He later filed a motion for voluntary dismissal (*id.*, D.E. 33), which was granted (*id.*, D.E. 35).

## DISCUSSION

The Petition, filed April 28, 2016, asserted that defense counsel rendered ineffective assistance at the plea stage (Claim 1A), and by failing to file a notice of appeal (Claim 1B). On

---

[3]*See Anders v. California*, 386 U.S. 738 (1967).

December 12, 2016, the Court ordered Wright to refile the Petition on the Court's official § 2255 form. (D.E. 5.) Petitioner complied, but the Amended Petition did not reassert Claims 1A and 1B. Instead, the pleading set forth a new claim that movant no longer qualified for the U.S.S.G. § 2K2.1 enhancement (Claim 2). In the Supplemental Claim, Petitioner asserted that counsel was ineffective for failing to secure a mental evaluation and present an argument for a lower sentence based on the results of that evaluation (Claim 3).

The Court directed Respondent, the United States of America, to respond to the Amended Petition and the Supplemental Claim.[4] (D.E. 10.) In its April 29, 2019, response (D.E. 11), the Government maintained that the case should be dismissed because the Petition was not timely filed and the claims are without merit. Petitioner replied on June 3, 2019, (D.E. 14) and, approximately six weeks later, moved for "permission to file a second or successive § 2255 [petition] pursuant to [the] United States Supreme Court's decision in *Rehaif* [*v. United States*, 139 S. Ct. 2191 (2019)]" (D.E. 15 at PageID 69).

1. Motion for Leave to Pursue Claim under *Rehaif*.

In *Rehaif*, the Court held that "in a prosecution under 18 U.S.C. § 922(g) . . ., the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. Wright argues that the ruling renders him "actually innocent of his current

---

[4]Petitioner originally filed the Supplemental Claim in his criminal case as a document styled "Motion for Leave to Amend the Pleadings to Add an Issue of Ineffective Assistance of Counsel Regarding a Variance and Mental Health Issue." (No. 1:12-cr-10128-JDB-1, D.E. 36.) Because it appeared that the motion was incorrectly filed in that case, the Court directed the Clerk to file the document in the instant matter. The Court granted Petitioner leave to assert the claim, "but without prejudice to Respondent's right to assert any appropriate affirmative defenses." (D.E. 10 at PageID 49.)

3

conviction[s] of possession of a firearm pursuant to [§] 922(g)." (D.E. 15 at PageID 69.) The Court assumes he means to assert that he did not plead guilty to knowingly violating the status element of being a felon in possession of a firearm.

Because Petitioner filed the motion before the final disposition of his § 2255 claims, the Court construes the document as a motion to amend the Amended Petition to add an actual innocence claim under *Rehaif*. *See Clark v. United States*, 764 F.3d 653, 658-60 (6th Cir. 2014) (a motion seeking to assert a new claim "is not a second or successive § 2255 motion" under 28 U.S.C. § 2244(b) "when it is filed before the adjudication of the initial § 2255 motion is complete—*i.e.*, before the petitioner has lost on the merits and exhausted h[is] appellate remedies," citing *Ching v. United States*, 298 F.3d 174, 177-78 (2d Cir. 2002)); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). The motion, however, must be denied because amending the Amended Petition to add an actual innocence claim based on *Rehaif* would be futile for two reasons.

First, a freestanding claim of actual innocence is not cognizable on collateral review. *See Avery v. United States*, No. 17-5473, 2017 WL 9248941, at *3 (6th Cir. Nov. 13, 2017) (citing *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007)) (§ 2255 petitioner's "freestanding actual-innocence claim . . . was subject to dismissal as not cognizable"); *United States v. May*, Case No. 3:16-cr-127, 2019 WL 7169132, at *2 (S.D. Ohio Dec. 22, 2019) (report and recommendation) (citing *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993)) (freestanding actual innocence claim based on *Rehaif* was non-cognizable in § 2255 proceeding). Second, "[w]hile the Sixth Circuit has not yet addressed" *Rehaif*'s retroactivity, this Court agrees with the district court decisions in this Circuit holding that the ruling in *Rehaif* does not apply retroactively to cases on collateral review. *See Dowlen v. United States*, No. 3:16-cv-00676, 2020 WL 489460, at *2 (M.D. Tenn.

Jan. 30, 2020) (collecting cases). Accordingly, as Petitioner's proposed claim would not be cognizable in this collateral proceeding, the motion is DENIED.

2. Timeliness.

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)) (internal quotation marks omitted). He is required to submit his claims within one year "from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Jones v. United States*, 689 F.3d 621, 626-27 (6th Cir. 2012). Equitable tolling requires a petitioner to show that (1) "he has been pursuing his rights diligently" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 627. The statute of limitations may also be "overcome" by a "gateway" claim of actual innocence. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). A valid claim of actual innocence requires a petitioner to "show that it is

5

more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Wright took a direct appeal from his judgments of conviction, but voluntarily dismissed the appeal. (No. 1:12-cr-10128-JDB-1, D.E. 31.) His "conviction[s] became final on the date the appeal was voluntarily dismissed." *See Sermon v. United States*, Case No. 13-cv-02808, 2017 WL 980626, at *7 (W.D. Tenn. Mar. 13, 2017) (citing *United States v. Goward*, 719 F. Supp. 2d 792, 794 (E.D. Mich. 2010)), *cert. of appealability denied*, No. 175340, 2017 WL 8683778 (6th Cir. Sept. 29, 2017). The appeal was dismissed on October 3, 2013, which means the limitations period expired one year later on October 3, 2014.

The Petition, filed April 28, 2016, was submitted more than one and one-half years too late. Accordingly, all of Wright's claims, whether asserted in the Petition or the later pleadings, are untimely. Insofar as the inmate insists that Claim 2 is timely because he filed it within one year of the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), he is mistaken. *Mathis* does not trigger § 2255(f)(4) because the decision "did not announce a new, retroactively applicable rule of constitutional law." *Harris v. United States*, Nos. 2:17-cv-2443, 2:13-cr-20142, 2019 WL 4228899, at *2 (W.D. Tenn. Sept. 5, 2019) (citing *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017)).

Petitioner has not contended that equitable tolling of the limitations period is warranted. Moreover, to the extent the *Rehaif* motion could be construed as lodging a "gateway" claim of actual innocence to overcome the statute of limitations, the inmate could not establish such a claim since *Rehaif*'s ruling has not been made retroactive. *See Phillips v. United States*, 734 F.3d 573, 581-82 (6th Cir. 2013) (citing *Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012)) (a petitioner

6

presenting an actual innocence gateway claim based on "an intervening change in the law" must establish, among other things, that the change "is retroactive.").

Accordingly, all of Petitioner's claims are untimely. The Court will, nevertheless, review each claim individually.

3. Claim 1A.

The inmate argues in this claim that his attorney was ineffective at the plea stage.[5] However, in neither the Petition nor the memorandum attached to that pleading did he provide specific facts to support the assertion, as required by Habeas Rule 2(b). *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(b)(2) (a § 2255 petition "must . . . state the facts supporting each ground"). Accordingly, the claim is not well-pleaded.

For that reason, and because it is also untimely, Claim 1A is DISMISSED.

4. Claim 1B.

Wright maintains that counsel rendered ineffective assistance by "fail[ing] to file a notice of appeal—despite being instructed by the defendant and defendant's family members on the day of sentencing after judgement [sic] was ruled." (D.E. 1-1 at PageID 5.) The allegation that counsel ignored the inmate's direction is belied by the record. As discussed earlier, counsel filed a notice of appeal and an appellate brief. Petitioner, thus, cannot show that counsel performed deficiently or that he was prejudiced.

Claim 1B is DISMISSED as untimely and is otherwise without merit.

---

[5] As Respondent correctly points out, the Amended Petition superseded the Petition. Nevertheless, in an abundance of caution, the Court addresses the claims set forth in the original pro se pleading. The Government has done the same, at least with respect to Claim 1B.

5. Claim 2.

Petitioner submits that his "convictions for [a]ggravated [b]urglary[] no longer qualify as predicate offenses for enhancement purposes" after the Supreme Court's ruling in *Mathis*. (D.E. 6 at PageID 18.) He insists that "the definition of 'habitation' set forth in Tenn[essee] Code Ann[otated] [§] 39-14-401" is "overbroad." (*Id.*) This assertion is irrelevant to the inmate's § 2K2.1 enhancement. As previously discussed, the only prior convictions used to enhance his offense level were an Illinois aggravated battery offense and a Tennessee conviction for the sale of cocaine. The claim is therefore belied by the record.[6]

Accordingly, as it is both untimely and without merit, Claim 2 is DISMISSED.

6. Claim 3.

It is the movant's position in this claim that counsel provided ineffective assistance by "fail[ing] to mo[ve] the court for . . . a[] mental health evaluation and a variance pursuant to thereof." (D.E. 9 at PageID 47.) He argues that, although counsel "acknowledg[ed] that [Petitioner] suffered mental health issues, and drug addiction, [he] failed to take the appropriate actions." (*Id.*) In response, the Government maintains that Wright cannot prevail on the claim. The Court agrees.

A determination of whether an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is controlled by the standards articulated in

---

[6]Even if a Tennessee aggravated burglary conviction were used as a predicate conviction in Wright's case, Claim 2 would be without merit on legal grounds. As the Sixth Circuit has acknowledged, "the Tennessee aggravated burglary statute is a generic version of the crime of burglary[]" *United States v. West*, No. 19-5231, ___ F. App'x ___, 2020 WL 260430, at *5 (6th Cir. Jan. 16, 2020) (quoting *United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015), and relying on *United States v. Stitt*, 139 S. Ct. 399 (2018)).

*Strickland v. Washington*, 466 U.S. 668 (1984). *See Dunham v. United States*, 486 F.3d 931, 934 (6th Cir. 2007). To succeed on such a claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). An attorney's "strategic choices" are "virtually unchallengeable" if based on a "thorough investigation of law and facts relevant to plausible options[.]" *Id.* at 690-91. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.*

To show prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

9

Wright's assertion that counsel was ineffective at sentencing is not supported by specific factual allegations that, if true, would entitle him to relief. At the time of sentencing, the Court was aware of the Defendant's various mental health diagnoses and drug addiction, as reflected in the PSR. (*See* PSR ¶¶ 157-61.) His struggles were also brought to the Court's attention in counsel's sentencing position paper (No. 1:12-cr-10128-JDB-1, D.E. 20) and during the sentencing hearing, when counsel requested the Court recommend that his client receive psychiatric and drug treatment while in prison (*id.*, D.E. 29).[7] As the Court noted at sentencing, however, the Defendant "ha[d] one of the highest criminal history category points the [C]ourt has . . . had here in the Eastern Division[.]" (*Id.*, D.E. 29 at PageID 59.) In imposing the statutory maximum, the undersigned explained:

> Based upon the entire record here, the statements of counsel, the consideration of the factors under [18 U.S.C.] § 3553(a), as well as the presentence report, the Court finds that Mr. Wright, particularly being at the highest end of the criminal history category by several multiples, and based upon the offense involv[ed] here, is going to impose a sentence within the restricted range, at the top of that range of 120 months.

(*Id.* D.E. 29 at PageID 62.)

Given the evidence before the Court at sentencing, Petitioner's failure to allege in this case or explain what additional mitigating information a mental health evaluation would have provided is fatal to his claim. Without more, counsel's performance cannot be viewed as deficient and there is no reasonable probability that the Court would have imposed a lower sentence had counsel secured a mental health evaluation.

Claim 3 is DISMISSED as untimely and is otherwise without merit.

---

[7]The Court granted counsel's request and recommended that the Defendant receive such treatment during incarceration. (No. 1:12-cr-10128-JDB-1, D.E. 29 at PageID 62.)

For the reasons articulated herein, the claims are DISMISSED. Judgment shall be entered for Respondent.

APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the claims. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[8]

IT IS SO ORDERED this 12th day of February 2020.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[8]If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.